[No. 14176.  Department Two.  January 15, 1918.]

A. W. GREENIUS et al., Respondents, v. S. B. MOORE et al.,
Appellants.[1]

SHERIFFS AND CONSTABLES—POWERS—PRESUMPTIONS.  It will be
presumed that a constable and town marshal, holding the two offices
within separate territorial jurisdictions, assumes to act in making
an arrest as the officer of the territorial jurisdiction wherein he
attempted to act.

Appeal from a judgment of the superior court for Sno-
homish county, Bell, J., entered December 9, 1916, upon the
verdict of a jury rendered in favor of the plaintiffs, in an
action upon an official bond.  Affirmed.

Sherwood & Mansfield, for appellants.

Cooley, Horan & Mulvihill, for respondents.

HOLCOMB, J.—The law of this case was settled by de-
cision on a former appeal from a judgment dismissing the
action upon sustaining a demurrer to the complaint.  Green-
ius v. American Surety Co., 92 Wash. 401, 159 Pac. 384.

It was there determined that the complaint alleged a cause
of action against the surety of Moore as constable, acting
virtute officii in making an arrest without warrant after a
felony had been committed and he had no reasonable grounds
of belief that the party arrested had committed the felony,
and the party arrested had not, in fact, committed it.  The
jury found the facts in favor of respondents, and there is
ample and competent evidence shown in the record to sus-
tain the allegations of the complaint, including the fact that
Moore made the arrest as a constable of the county.

Regardless of his declaration of authority as constable,
made at the time of the arrest outside the corporate limits
of the town where he held office as marshal, we are of the
opinion that, where one holds two offices of the same nature,

[1]Reported in 169 Pac. 976.

each within separate territorial jurisdictions, when he steps out of one territorial limit into the other, in which he holds official authority, and performs an act of official nature in the latter consistent with his official authority there, it will be presumed in law that he assumed to act as the officer of the territorial jurisdiction wherein he attempted to act, and not otherwise.

We find no error, and the judgment is affirmed.

ELLIS, C. J., CHADWICK, MORRIS, and MOUNT, JJ., concur.